IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dr. Anthony Bernard Jones, Sr., ) | Civil Action No.: 0:13-cv-01702-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Michael McCall; Director Peggy ) | |
| E. Spivey; Head Nurse McDonald; ) | |
| Associate Warden Nolan; Major Dean, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Dr. Anthony Bernard Jones, Sr., ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1]  R&R, ECF No. 13.  In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint *without prejudice* and without service of process as to defendants Director Peggy E. Spivey; Associate Warden Nolan; and Major Dean.  Plaintiff timely filed objections to the R&R on September 25, 2013.  Pl.'s Objs., ECF No. 17.

For the following reasons, this Court adopts the Magistrate Judge's recommendation.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] The facts of this case, including citations to the record, are discussed thoroughly in the Magistrate Judge's R&R.  *See* R&R at 2.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005).

**DISCUSSION**

The Magistrate Judge recommends summarily dismissing Plaintiff's Complaint as to Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean, concluding that Plaintiff failed to state a claim against them under § 1983. Specifically, the Magistrate Judge notes that Plaintiff does not allege that Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean had any personal involvement in the actions that purportedly led to Plaintiff's injuries. Accordingly, the Magistrate Judge recommends that these Defendants should be summarily dismissed in their individual capacity. R&R at 4–5.

The Magistrate Judge also notes that Plaintiff's Complaint provides no facts demonstrating that Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean were aware of or deliberately indifferent to any constitutional risk of injury to Plaintiff. The doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Moreover, supervisory liability only arises where the Plaintiff establishes the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The Magistrate Judge notes that the Complaint provides no facts to proceed on a supervisory liability theory under Fourth Circuit precedent. *See id.* Accordingly, the Magistrate Judge recommends that Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean are each entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff. R&R at 5–6.

In response, Plaintiff filed objections to the R&R. To the extent Plaintiff does not raise new facts to support his claims, which is improper in objections, he largely repeats the claims he raised in his complaint. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same). The Court, however, may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Again, "courts have . . . held *de*

*novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47.

Plaintiff's objections fail to specifically identify any error with the Magistrate Judge's proposed findings and recommendations. Plaintiff does not assert any error with the Magistrate Judge's determination that Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean were not directly involved with the prison riot or his purported lack of medical care. Moreover, the objections fail to establish any error in the Magistrate Judge's determination that Plaintiff's Complaint fails to allege facts sufficient to give rise to a claim for supervisory liability for these Defendants.[3]

Therefore, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections, to the extent they are proper, are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

---

[3] Plaintiff's objections claim that he suffered harm due to the deliberate indifference of these Defendants. This additional factual assertion was first made in the objections and thus is not properly before the Court. However, even if the Court were to consider this additional factual assertion, the Court notes that Plaintiff fails to allege Defendants Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean had any actual or constructive knowledge of a subordinate's actions that posed a pervasive and unreasonable risk of constitutional injury, or that there was an affirmative causal link between any purported inaction and the particular constitutional injury. Thus, the elements for establishing supervisory liability have not been met. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

4

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** as to only the following Defendants: Director Peggy E. Spivey, Associate Warden Nolan, and Major Dean *without prejudice* and without service of process.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
November 13, 2013