IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony Bernard Jones, Sr., | ) | C/A No. 0:13-1702-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Michael McCall, Head Nurse | ) | |
| McDonald, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Dr. Anthony Bernard Jones, Sr. ("Jones"), a self-represented pre-trial detainee,

filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Jones's

motions requesting a temporary restraining order and a preliminary injunction. (ECF Nos. 48 & 54.)

The defendants filed a response in opposition. (ECF No. 56.) Having carefully reviewed the

motions and the pleadings in this case, the court finds that the plaintiff's motions should be denied.

## DISCUSSION

Jones filed the instant action alleging that on June 5, 2012, he was assaulted and injured by

inmates during a riot that occurred at Lee Correctional Institution ("LCI"). He claims that he did not

timely receive adequate medical treatment for his injuries. In his motions, Jones seeks a temporary

restraining order against non-defendant LCI employees for allegedly denying him access to the courts

and retaliating against him for filing the instant lawsuit.[1] He requests to be transferred from LCI to

---

[1] Because the defendants have had notice of Jones's motions, to the extent Jones seeks a
temporary restraining order the court is treating the motions as those under Rule 65(a) of the Federal
Rules of Civil Procedure rather than Rule 65(b).



a different institution. (ECF No. 48.)  The only defendant in this action mentioned in either of

Jones's motions—Defendant Warden Michael McCall—appears to be mentioned only in a

supervisory role, as Jones does not specifically allege any retaliatory acts by Warden McCall.

"Preliminary injunctions are not to be granted automatically."  Wetzel v. Edwards  635 F.2d

283, 286 (4th Cir. 1980).  Such relief regarding the administration of a state prison should be granted

only in compelling circumstances.  See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide

ranging deference" that the judiciary must show prison administrators with regard to matters within

their discretion.  See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal

institution and the reluctance of federal courts to interfere in the problems of prison administration).

Furthermore, there is no constitutional right for a prisoner to be housed in a particular institution, at

a particular custody level, or in a particular portion or unit of a correctional institution.  See

Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause

does not "protect a duly convicted prisoner against transfer from one institution to another within

the state prison system"); McKune v. Lile, 536 U.S. 24, 39 (2002) (noting that the "decision where

to house inmates is at the core of prison administrators' expertise").

A plaintiff seeking a preliminary injunction must establish all four of the following elements:

(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public

interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About

Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009) (vacated on other

grounds by 130 S. Ct. 2371 (2010) and reissued in part by 607 F.3d 355 (4th Cir. 2010)), overruling



Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2]  A

plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim.  Winter,

555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a *clear showing* that he is

likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S. at 20-23; Real Truth, 575

F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's

favor.  See Real Truth, 575 F.3d at 346-47.[3]  Finally, the court must pay particular regard to the

public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347

(quoting Winter, 555 U.S. at 24).

Based on the record currently before the court, Jones has not satisfied the required elements

and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks.

Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive

relief).  Furthermore, in their response in opposition to Jones's motions, the defendants contend that

Defendant McCall is no longer working at LCI, and is therefore not in a position to have direct

contact with Jones.  Moreover, to the extent Jones seeks injunctive relief against non-parties, such

relief is not available.  See Fed. R. Civ. P. 65(a).

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.



**RECOMMENDATION**

Accordingly, the court recommends that Jones's motions for a temporary restraining order

and a preliminary injunction (ECF Nos. 48 & 54) be denied.


_____
February 24, 2014                                      Paige J. Gossett
Columbia, South Carolina                          UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).