IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony Bernard Jones, Sr., | ) | C/A No. 0:13-1702-BHH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Michael McCall, Head Nurse | ) | |
| McDonald, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

The plaintiff, Dr. Anthony Bernard Jones, Sr. ("Jones"), a self-represented pre-trial detainee, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 61.) Jones filed a response in opposition. (ECF No. 70.) Having carefully reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

Jones filed the instant action alleging that on June 5, 2012, he was assaulted and injured by inmates during a riot that occurred at Lee Correctional Institution ("LCI").[1] He claims that he did not timely receive adequate medical treatment for his injuries. Therefore, the court has liberally construed Jones's Complaint to raise a claim under § 1983 alleging that the defendants were deliberately indifferent to his medical needs. Jones seeks monetary relief.

---

[1] During the relevant time period, Jones was a pre-trial detainee being held for safekeeping at LCI for the benefit of Kershaw County.

Page 1 of 10



## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.        Defendants' Motion for Summary Judgment**

**1.        Official Capacity Claims**

To the extent that Jones is suing the defendants in their official capacities for monetary relief, they are entitled to summary judgment.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State."  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").  As arms of the state, these defendants, who are all South Carolina Department of Corrections ("SCDC") employees, are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity.  See Will, 491 U.S. at 70-71.  Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court.  See S.C. Code Ann. § 15-78-20(e).  Accordingly, to the extent these defendants are sued in their official capacities, they are immune from suit.  Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).



## 2.    Respondeat Superior

Jones's sole allegation as to Nurse McDonald is that Jones "wrote to the head nurse Ms. McDonald and stressed everything dealing with the pain and my condition and she never answer[ed] anything back."[2]  (Compl., ECF No. 1 at 4.)  Jones makes no specific allegation in his Complaint as to Warden McCall, but attaches to his Complaint a Step 1 grievance that contains a response and signature from Warden McCall.  (ECF No. 1-1 at 3-4.)  He also clarifies in his response in opposition to the defendants' motion that Warden McCall showed "supervisory indifference" and that Nurse McDonald was the "supervisor[] over medical care."[3]  (ECF No. 70 at 2, 7.)

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).  Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  "Because vicarious

---

[2] To the extent that Jones alleges that Defendant McDonald violated his constitutional rights in not responding to his requests to staff his claims must fail, as inmates have no constitutionally protected right to a grievance or complaint system.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Moreover, the defendants have produced evidence showing that McDonald did provide a response to at least one of Jones's requests to staff.  (See McDonald Aff. ¶ 8, ECF No. 61-2 at 2; Request to Staff, ECF No. 61-2 at 5.)

[3] To the extent that Jones raises additional claims in his response to the defendants' motion, such as a claim that Defendant McCall failed to protect Jones, Jones has not filed a proper motion to amend his Complaint to include any additional claims.  Accordingly, such claims are not properly before the court.  See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

Page 4 of  10



liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). As the <u>Iqbal</u> Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." <u>Id.</u> at 677. Indeed, the dissent in <u>Iqbal</u> opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." <u>Id.</u> at 693 (Souter, J., dissenting).

In response to the defendants' motion, Jones relies on caselaw from the United States Court of Appeals for the Fourth Circuit in his conclusory attempt to establish Warden McCall's supervisory liability under § 1983. (<u>See</u> ECF No. 70 at 7-8) (citing <u>Slaken v. Porter</u>, 737 F.2d 368 (4th Cir. 1984) (discussing a limited exception to the prohibition against imposing respondeat superior or vicarious liability on supervisory personnel in § 1983 cases); <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates)). Even if the majority in <u>Iqbal</u> did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, Jones has failed to provide any support for his position with regard to his medical indifference claim.. Moreover, the record is devoid of evidence that would permit a claim based on such a theory to go forward under Fourth Circuit precedent. <u>See</u> <u>Carter v. Morris</u>, 164 F.3d 215, 221 (4th Cir. 1999); <u>Shaw</u>, 13 F.3d at 798.

### 3.    Medical Claims under 42 U.S.C. § 1983

Even if Jones could establish personal participation by Warden McCall, the defendants are nonetheless entitled to summary judgment on his § 1983 medical claims. The standard for reviewing medical claims of pre-trial detainees under the Fourteenth Amendment is essentially the same as that



for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234,

1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

In support of their motion for summary judgment, the defendants have provided affidavit testimony from Defendant McDonald ,who was employed by SCDC as the Healthcare Authority at LCI during the relevant time period; affidavit testimony from Gwendolyn Stokes, R.N., the current Healthcare Authority at LCI; and Jones's relevant medical records. McDonald avers that the only contact she had with Jones during the relevant time period was a written response that she provided to two requests to staff submitted by Jones. (McDonald Aff. ¶ 6, ECF No. 61-2 at 2.) In her response to Jones, McDonald informed Jones that his x-rays were negative, that the nurse who treated him was not authorized to order medication for him, and that Jones was not brought to the medical department on the date of his doctor's appointment due to security reasons. (Id. ¶ 8; Request to Staff, ECF No. 61-2 at 5.) McDonald further avers that she did not physically examine or have any face to face contact with Jones during the relevant time period. (McDonald Aff. ¶ 11, ECF No. 61-2 at 3.) Moreover, a review of Jones's medical records reveals that Jones was frequently seen and treated by medical staff for his complaints, and Jones has failed to present any evidence from which a reasonable jury could find deliberate indifference to Jones's medical needs. Accordingly, Jones's § 1983 claim of deliberate indifference against the defendants fails.

Moreover, to establish a claim for denial of medical care against non-medical personnel, a prisoner must show that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct.  Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).  Because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment which the medical personnel deemed necessary and appropriate for the prisoner.  See id.  Jones has made no showing that Warden McCall—a non-medical personnel defendant—engaged in the type of conduct required by controlling case law to establish an Eighth Amendment medical claim of deliberate indifference.

### 4.    State Law Claims

To the extent that Jones is seeking to raise state law claims of negligence or medical malpractice against Nurse McDonald, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina.  S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993).  This requirement also includes nurses. See S.C. Code Ann. § 15-36-100(G).  It is undisputed that Jones has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against Nurse McDonald.

### 5.    Other Claims

To the extent Jones is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).




## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 61) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 18, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).